{¶ 1} Erin Kellum ("appellant"), is appealing from a ruling of the Franklin County Court of Common Pleas, Division of Domestic Relations, which dismissed her objections to a magistrate's decision without deciding on the merits of the objections. Three errors are assigned for our consideration:
 Assignment One: The Court, after receiving the Appellee's request for an extension of time to file his Findings of Fact, *Page 2 
apparently decided to disregard its previous instructions as to the submission of transcript of the record.
 Assignment Two: The Trial Court erred in dismissing Appellant's Objection for failure to prosecute.
 Assignment Three: The Trial Court erred in dismissing Appellant's Objections for failure to prosecute when all evidence was submitted except for the complete transcript of the proceedings.
 {¶ 2} Since all three assignments of error involves common issues, they will be addressed together.
 {¶ 3} Appellant and Paul Aicher were divorced in 2001, but this did not end the litigation between the two. Both of them subsequently filed motions seeking to modify the terms of the divorce decree.
 {¶ 4} A series of hearings on the motions were held before a magistrate in the spring of 2007. Specifically, hearings were conducted on March 14, May 7, and May 15, 2007. The magistrate issued a magistrate's decision on March 4, 2008. The trial court journalized a judgment entry adopting the magistrate's decision on the same day.
 {¶ 5} On March 17, 2008, counsel for appellant filed objections to the magistrate's decision and ordered a transcript of the four days of proceedings before the magistrate on the same date as he filed the objections. An excerpt of proceedings reflecting the testimony heard on May 8 and May 15, 2007 was filed on April 21, 2008.
 {¶ 6} The objections were set for a hearing on June 3, 2008, but were continued because "Judge is not available." The objections were next set for a hearing on July 17, 2008. *Page 3 
 {¶ 7} On the July 17th date, counsel for appellant filed an extended memorandum in support of the objections. Apparently, some sort of proceeding occurred before the assigned judge on the July 17th date, but no contemporaneous record as to what all happened is before us.
 {¶ 8} The next document in the record which is before us is a motion filed on behalf of appellee, Paul Aicher, requesting an extension of time to file findings of fact and conclusions of law because "the transcript of the entire trial has not been prepared." The memorandum in support of the motion to extend the time indicated that counsel for appellant had contacted only one of the two court reporters who took down the proceedings, so only part of the necessary transcription had occurred during the approximately five months which had elapsed since the filing of the objections and the request for preparation of the transcript.
 {¶ 9} On September 3, 2008, the assigned trial judge dismissed the objections to the magistrate's decision for a failure to prosecute. At the same time, the trial judge dismissed the motion to extend the time for filing the draft findings of fact and conclusions of law.
 {¶ 10} Counsel for appellant then initiated this appeal on October 1, 2008. A week later, counsel for appellant filed a motion requesting the trial court to reconsider the dismissal. In the memorandum in support of the motion to reconsider counsel submitted a lengthy recitation of what all had supposedly occurred after the filing of the objections in March 2008.
 {¶ 11} As indicated above, the record created before this appeal was filed is remarkably silent as to what all occurred in the trial court, especially on July 17, 2008. *Page 4 
The record shows that a magistrate's decision was filed and a judgment entry journalized its findings on the same date — March 4, 2008. Objections were timely filed and transcripts ordered. Almost six months later, the objections were dismissed for a failure to prosecute.
 {¶ 12} We have before us no transcript of the July 17, 2008 proceedings. We have no App. R. 9(C) statement of the evidence or proceedings where no report was made or where the transcript is unavailable. The complete transcript of the hearings before the magistrate was not filed until September 24, 2008 — three weeks after the objections were dismissed.
 {¶ 13} We cannot know what, if any, "previous instructions as to the submission of transcripts of the record" were given. We cannot find reversible error based upon a silent record. The first assignment of error is overruled.
 {¶ 14} When the actions or inactions of counsel have made it impossible for a trial court judge to address the merits of objections to a magistrate's decision, we cannot say that a judge abuses her discretion by dismissing the objections for failure to prosecute. Obviously a complete transcript of the proceedings before the magistrate was necessary to address the merits of the objections and six months after the filing of the objections no complete transcript had been provided.
 {¶ 15} The second assignment of error is overruled.
 {¶ 16} The third assignment of error suggests that providing part of the evidence submitted to the magistrate for the trial court's review somehow made dismissal of the objections inappropriate. The record shows that a transcript of two days of proceedings was filed on April 21, 2007 and "exhibits" were filed with the trial court on July 17, 2008. *Page 5 
No additional transcripts were filed at the time. Two more sets of "exhibits" were provided along with the complete transcript — three weeks after the objections were dismissed.
 {¶ 17} Filing some exhibits without a complete transcript to explain the context for the exhibits is minimal, if any help, to the trial court. Again, counsel had filed objections but made it impossible for the trial court to rule on the objections. After six months, the trial court could reasonably dismiss the objections for failure to prosecute.
 {¶ 18} The third assignment of error is overruled.
 {¶ 19} As indicated above, over one month after the objections to the magistrate's decision were dismissed for failure to prosecute, counsel for appellant filed a motion asking the court to reconsider its dismissal. Generally, a motion asking a trial court to reconsider a final judgment is considered a nullity. The Ohio Supreme Court has stated that "[t]he Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court."Pitts v. Ohio Dept. of Transportation (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. "[A] motion to reconsider a final judgment in a trial court is a nullity." Turner v. Carter (Jan. 19, 1999), Stark App. No. 1998CA00239, unreported. Further, any judgment or final order that results from a motion for reconsideration "is a nullity itself." State ex rel. Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60. Nevertheless, the trial court conducted a hearing on the motion on December 2, 2008, three months after the dismissal and two months after the notice of appeal for this appeal was filed. Counsel for appellant then attempted to fill in the substantial gaps in the record as to what all was occurring during the six months the objections were pending. A transcript of the December 2nd hearing on the motion to reconsider has been prepared and the record has been supplemented with that transcript. *Page 6 
 {¶ 20} No testimony was taken at the December 2, 2008 hearing. Instead, counsel made statements to the trial court about what counsel perceived as having occurred during the time the objections were pending. Some of the statements of counsel are consistent with the contemporaneous record before us. Some are inconsistent with the contemporaneous record. Of some significance, the record from the clerk of courts for the domestic and juvenile court shows no filing of transcripts between the filing of the April 21, 2008 partial transcript and the dismissal. Thus, the key point, that counsel failed to provide the transcripts necessary to enable the trial court to rule on the objections, is unchanged even though six months had elapsed. Under the circumstances, the trial court's dismissal must stand.
 {¶ 21} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
McGRATH and SADLER, JJ., concur. *Page 1