FOREMAN, Appellant,

v.

LUCAS COUNTY COURT OF COMMON PLEAS, Appellee.

[Cite as *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–276.

Decided Sept. 30, 2010.

Terry J. Lodge, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney, and James C. Walter, Assistant Prosecuting Attorney, for appellee.

————————

French, Judge.

{¶ 1} Appellant, Cheryl Foreman, appeals the Franklin County Court of Common Pleas' dismissal of her R.C. 119.12 appeal from a decision of the State Personnel Board of Review ("SPBR") for lack of subject-matter jurisdiction. Appellee, the Lucas County Court of Common Pleas ("appellee"), has filed a motion to dismiss Foreman's appeal as untimely. For the following reasons, we deny appellee's motion to dismiss and affirm the trial court's dismissal.

{¶ 2} On August 14, 2009, pursuant to R.C. 119.12, Foreman filed a notice of appeal with SPBR and the Franklin County Court of Common Pleas from SPBR's July 30, 2009 order, which adopted the report and recommendation of an administrative law judge, affirming appellee's termination of Foreman's employment. Foreman's notice of appeal states, in its entirety, as follows:

Notice is hereby given that [Foreman] hereby appeals to the Franklin County Court of Common Pleas the July 30, 2009 Order entered in this matter by [SPBR], by which the SPBR affirmed the Report and Recommendation of the administrative law judge and adopted the same as its own Order. Copies of the Order and the underlying Report and Recommendation are attached.

[Foreman] bases her appeal on issues of fact and law.

{¶ 3} Although the parties fully briefed Foreman's appeal, the trial court issued a decision and entry dismissing the appeal sua sponte for lack of subject-matter jurisdiction on February 24, 2010. The trial court specifically held that Foreman failed to comply with the jurisdictional requirements set forth in R.C. 119.12, which, at that time, partially provided that "[a]ny party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from *and the grounds of the party's appeal.*" (Emphasis added.) The trial court concluded that Foreman's notice of appeal did not set forth the grounds of her appeal as required by R.C. 119.12. Because the grounds requirement of R.C. 119.12 is jurisdictional, the trial court dismissed Foreman's appeal for lack of subject-matter jurisdiction. See *Berus v. Ohio Dept. of Adm. Servs.,* 10th Dist. No. 04AP–1196, 2005-Ohio-3384, 2005 WL 1532400, ¶ 12.

{¶ 4} Foreman filed a notice of appeal to this court, and she assigns the following as error:

Assignment of Error No. 1: The trial court erred in dismissing this administrative appeal *sua sponte,* without notice to the parties and without extending [Foreman] an opportunity to respond in opposition.

Assignment of Error No. 2: A timely but defective notice of appeal does not necessarily divest the court of jurisdiction.

Assignment of Error No. 3: The trial court should have ignored defects in the notice of appeal as harmless error.

{¶ 5} Before addressing the merits of Foreman's assignments of error, we first consider appellee's motion to dismiss this appeal for lack of jurisdiction. Appellee asserts that this court lacks jurisdiction to consider Foreman's appeal because her notice of appeal from the trial court's dismissal was untimely.

{¶ 6} Pursuant to App.R. 4(A), "[a] party shall file [a] notice of appeal * * * within thirty days of the * * * entry of the judgment or order appealed." Failure to comply with App.R. 4(A) is a jurisdictional defect and is fatal to any appeal. *In re H.F.,* 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 17; *Bond v. Canal Winchester,* 10th Dist. No. 07AP–556, 2008-Ohio-945, 2008 WL 600201, ¶ 11.

{¶ 7} The trial court filed its decision and entry, dismissing Foreman's administrative appeal, on February 24, 2010. Accordingly, Foreman was required to file her notice of appeal on or before March 26, 2010. Foreman's notice of appeal, however, was not time-stamped by the clerk of courts until March 29, 2010, outside the 30–day period established by App.R. 4(A). Therefore, appellee argues, this court lacks jurisdiction to consider Foreman's untimely appeal.

{¶ 8} In response to appellee's motion to dismiss, Foreman argues that her notice of appeal was properly delivered to the clerk of courts for filing on March 26, 2010, within the App.R. 4(A) time frame, and that her appeal is therefore timely. In support of her argument, Foreman submits evidence that her notice of appeal was timely delivered to the clerk of courts on March 26, 2010, but was not time-stamped and docketed until three days later as a result of mishandling in the clerk's office. Foreman submits an affidavit from her attorney, who states that the notice of appeal was mailed, via overnight express mail, to the clerk of courts on March 25, 2010. Attached to the affidavit is a copy of a tracking and delivery report from the United States Postal Service website, showing that the notice of appeal was delivered to the clerk of courts, and signed for, at 12:50 p.m. on March 26, 2010.

{¶ 9} The Supreme Court of Ohio recently addressed an analogous situation in *Zanesville v. Rouse,* 126 Ohio St.3d 1, 2010-Ohio-2218, 929 N.E.2d 1044. The court stated, at ¶ 7, as follows:

[T]he filing of a document does not depend on the performance of a clerk's duties. A document is "filed" when it is deposited properly for filing with the clerk of courts. The clerk's duty to certify the act of filing arises only after a document has been filed. This is implicit in the statutes and rules regarding

filing. See R.C. 1901.31, 2303.08, 2303.10, and 2303.31, and Sup.R. 26.05 and 44.

The court went on to state that "when a document is filed, the clerk's failure to file-stamp it does not create a jurisdictional defect." Id. at ¶ 8. Further, the court held that "[w]hen a document lacks an endorsement from the clerk of courts indicating that it has been filed, filing may be proved by other means." Id. at ¶ 10.

{¶ 10} Here, Foreman has presented sufficient evidence that her notice of appeal was properly deposited with the clerk of courts for filing within the jurisdictional 30–day time frame established by App.R. 4(A). Accordingly, the notice of appeal is deemed filed on March 26, 2010, when it was delivered to the clerk of courts. Because the notice of appeal was timely filed, we deny appellee's motion to dismiss and proceed with our analysis of Foreman's assignments of error regarding the trial court's dismissal of her appeal on jurisdictional grounds.

{¶ 11} Because Foreman's three assignments of error all stem from the trial court's sua sponte dismissal of her appeal for lack of subject-matter jurisdiction, we initially address the trial court's subject-matter jurisdiction generally. We review this issue de novo. *Derakhshan v. State Med. Bd. of Ohio,* 10th Dist. No. 07AP–261, 2007-Ohio-5802, 2007 WL 3148684, ¶ 1, citing *Hills & Dales v. Ohio Dept. of Edn.,* 10th Dist. No. 06AP–1249, 2007-Ohio-5156, 2007 WL 2812988, ¶ 16.

{¶ 12} When a statute confers the right to appeal, an appeal can be perfected only in the mode prescribed by that statute. *Ramsdell v. Ohio Civ. Rights Comm.* (1990), 56 Ohio St.3d 24, 27, 563 N.E.2d 285. With respect to an administrative appeal under R.C. 119.12, a party must strictly adhere to the filing requirements in order to perfect an administrative appeal and invoke the common pleas court's jurisdiction. *Hughes v. Ohio Dept. of Commerce,* 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, ¶ 17; *L & F Tavern, Inc. v. Ohio Liquor Control Comm.,* 10th Dist. No. 09AP–873, 2010-Ohio-1025, 2010 WL 926015, ¶ 16. "It is axiomatic that subject-matter jurisdiction cannot be waived and may be raised sua sponte by the trial court." *In re Appeal of Hollingsworth Media Group, Inc.,* 10th Dist. No. 09AP–724, 2009-Ohio-6484, 2009 WL 4698430, ¶ 15. Whether or not raised by the parties, a trial court must dismiss an appeal upon a determination that subject-matter jurisdiction is lacking. Id.

{¶ 13} We agree with the trial court's determination that Foreman failed to comply strictly with the statutory requirements in effect at the time of the dismissal. The Supreme Court of Ohio recently addressed the R.C. 119.12 grounds requirement in *MedCorp, Inc. v. Ohio Dept. of Job & Family Servs.,* 121 Ohio St.3d 622, 2009-Ohio-2058, 906 N.E.2d 1125, and held, at the syllabus, that "[t]o satisfy the 'grounds of the party's appeal' requirement in R.C. 119.12,

parties appealing under that statute must identify specific legal or factual errors in their notices of appeal." The court held that an appellant does not satisfy that requirement by simply stating the statutory standard of review, i.e., that the agency order is not in accordance with law and is not supported by reliable, probative, and substantial evidence. Id. at ¶ 19–20. Rather, the stated grounds must be specific enough for the common pleas court and the appellee to identify the appellant's objections to the agency order. Id. at ¶ 20. Because Foreman's notice of appeal does not identify any specific legal or factual errors in SPBR's order, it does not comply with the above-stated requirements. Therefore, under R.C. 119.12, as it existed at the time of the trial court's dismissal, Foreman's notice of appeal was insufficient to invoke the trial court's jurisdiction.

{¶ 14} Although the trial court appropriately concluded that Foreman failed to set forth the grounds of her appeal, notable procedural amendments to R.C. 119.12, enacted in Sub.H.B. No. 215, have taken effect since the trial court dismissed Foreman's appeal. One relevant change effected by Sub.H.B. No. 215 relates to the very requirement upon which the trial court relied in dismissing this appeal. Effective September 13, 2010, R.C. 119.12 now reads as follows:

*The notice of appeal may, but need not, set forth the specific grounds of the party's appeal beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law.* * * * The amendments made to this paragraph by Sub. H.B. 215 of the 128th general assembly are procedural, and this paragraph as amended by those amendments shall be applied retrospectively to all appeals pursuant to this paragraph filed before the effective date of those amendments but not earlier than May 7, 2009, which was the date the supreme court of Ohio released its opinion and judgment in *Medcorp, Inc. v. Ohio Dep't. of Job and Family Servs.* (2009), 121 Ohio St.3d 622[, 2009-Ohio-2058, 906 N.E.2d 1125].

(Emphasis added.) Foreman's administrative appeal to the court of common pleas was filed before the effective date of the recent amendment to R.C. 119.12, but after May 7, 2009. Therefore, her appeal is subject to the amended procedural requirements.

{¶ 15} We must now determine whether Foreman's notice of appeal satisfies amended R.C. 119.12, which expressly relaxes the requirements for a sufficient notice of appeal by eliminating the requirement that an appellant state specific grounds for appeal. The amended statute provides that the very language rejected in *MedCorp*, based on the statutory standard of review, is now the baseline for a notice of appeal's compliance with R.C. 119.12. Thus, an appellant need no longer state specific grounds for appeal, but may simply state that the agency order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. Foreman's notice of appeal, however,

does not meet even the relaxed requirements of the amended statute. The amended statute requires an appellant's notice of appeal to, at least, state that "the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law," even while eliminating the requirement of any specificity "beyond [that] statement." Foreman's notice of appeal, by contrast, states only that she "bases her appeal on issues of fact and law." The recent amendments to R.C. 119.12 do not alter the necessity for strict adherence to the statutory requirements to invoke the trial court's jurisdiction over an administrative appeal. Thus, we conclude that even under the amended statute, Foreman's notice of appeal was insufficient under R.C. 119.12 and that the trial court lacked subject-matter jurisdiction to hear Foreman's appeal.

{¶ 16} Having concluded that the trial court lacked subject-matter jurisdiction over Foreman's appeal, we need only briefly address Foreman's specific arguments in support of her appeal. Foreman specifically argues that the trial court was required to provide her with notice and an opportunity to respond before dismissing her appeal and that the trial court possessed discretion to ignore the defect in her notice of appeal as either a nonjurisdictional defect or as harmless error. We reject each of Foreman's arguments.

{¶ 17} Under her second and third assignments of error, Foreman argues that the trial court had discretion to overlook her defective notice of appeal and adjudicate her appeal. First, citing *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 649 N.E.2d 1229, Foreman argues that a defective notice of appeal does not necessarily rise to the level of a jurisdictional defect. *Transamerica*, however, did not involve an administrative appeal, pursuant to R.C. 119.12, but involved an App.R. 3(A) appeal in a civil action.[1] There, the Supreme Court of Ohio concluded that the only jurisdictional requirement for a valid appeal under App.R. 3(A) is the timely filing of a notice of appeal. Because the appellant had filed a timely notice of appeal, the Supreme Court determined that the court of appeals had discretion to determine whether sanctions were warranted for other defects with the appellant's notice of appeal. Thus, in that case, the appellant satisfied the only requirement for invoking the appellate court's jurisdiction, despite other, nonjurisdictional deficiencies in the notice of appeal. In contrast to App.R. 3(A), strict compliance with all of the requirements of R.C. 119.12 is required to invoke the jurisdiction of the court of common pleas in an

---

1. {¶ a} App.R. 3(A) states as follows:
   {¶ b} "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."

appeal authorized by that statute. See *Hughes,* 114 Ohio St.3d 47, 868 N.E.2d 246, at ¶ 17–18. Contrary to Foreman's argument that a defective notice of appeal does not necessarily divest the trial court of jurisdiction, the Supreme Court has expressly held that failure to comply strictly with the requirements of R.C. 119.12 is, in fact, a jurisdictional defect. See id.; *MedCorp,* 121 Ohio St.3d 622, 2009–Ohio–2058, 906 N.E.2d 1125, at ¶ 21. Accordingly, we overrule Foreman's second assignment of error.

{¶ 18} In the absence of subject-matter jurisdiction, the trial court had no discretion to overlook Foreman's defective notice of appeal as harmless error. Subject-matter jurisdiction is the power conferred upon a court to decide a particular matter and render an enforceable judgment. *Pole v. Ohio Dept. of Health,* 10th Dist. No. 08AP–1110, 2009-Ohio-5021, 2009 WL 3066676, ¶ 7, citing *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841, paragraph one of the syllabus. Subject-matter jurisdiction is a condition precedent to a court's ability to hear a case, and, if a court acts without subject-matter jurisdiction, any proclamation by the court is void. *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. Indeed, Civ.R. 12(H)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action." A court may raise the issue of subject-matter jurisdiction at any stage of the proceedings, even if not asserted by the parties, and a lack of such jurisdiction mandates dismissal. *Sherman v. Burkholder* (Dec. 15, 1994), 8th Dist. No. 66600, 1994 WL 706131. Accordingly, we overrule Foreman's third assignment of error.

{¶ 19} By her first assignment of error, Foreman argues that the trial court erred in dismissing her appeal for lack of jurisdiction without giving her prior notice and an opportunity to oppose the dismissal. In support of her argument, Foreman cites cases holding that a trial court may not generally dismiss a complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief may be granted or, pursuant to Civ.R. 41(B)(1), for failure to prosecute, without first giving the plaintiff notice of its intent to dismiss. Foreman also cites cases holding that a trial court may not grant summary judgment on issues not raised by the parties. None of the cases cited by Foreman, however, involve scenarios in which the court lacked subject-matter jurisdiction over the action. By relying on those cases, Foreman's argument ignores the important distinction that a court must possess subject-matter jurisdiction before it may contemplate a dismissal under Civ.R. 12(B)(6) or 41(B)(1) or the entry of summary judgment.

{¶ 20} Foreman has cited no Ohio case law holding that a court must provide the parties with notice prior to sua sponte dismissing an action for lack of subject-matter jurisdiction, and this court has located no Ohio legal authority for that proposition. And in any event, Foreman suffered no prejudice because the trial court properly dismissed her appeal for lack of subject-matter jurisdiction.

See *Adams v. Cox*, 10th Dist. No. 09AP–684, 2010-Ohio-415, 2010 WL 438141, ¶ 20 ("[e]ven if motion practice may be the better avenue for addressing such concerns [regarding subject matter jurisdiction], plaintiff here suffered no prejudice, as the Court of Claims properly determined it lacked subject matter jurisdiction over a transferred complaint, a matter not subject to correction even had plaintiff been given the opportunity to defend a motion to dismiss"). For all these reasons, we discern no prejudicial error as a result of the procedure utilized by the trial court in dismissing Foreman's appeal, and we overrule Foreman's first assignment of error.

{¶ 21} In conclusion, although we deny appellee's motion to dismiss, we overrule each of Foreman's assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

TYACK, P.J., and BROWN, J., concur.