[Cite as *Franklin Univ. v. Ellis*, 2014-Ohio-1491.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Franklin University, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-711 |
| v. | : | (M.C. No. 2012 CVF 021184) |
| Tiffany Y. Ellis, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 3, 2014

*Thomas & Thomas*, and *Anne C. Little*, for appellee.

*Legal Aid Society of Columbus*, and *Leslie Varnado, Jr.*, for appellant.

APPEAL from the Franklin County Municipal Court

SADLER, P.J.

{¶ 1} Tiffany Y. Ellis, defendant-appellant, appeals from the July 17, 2013 decision of the Franklin County Municipal Court, wherein the trial court denied appellant's motion for reconsideration.

I. BACKGROUND

{¶ 2} On June 11, 2012, plaintiff-appellee, Franklin University, filed a complaint against appellant in the Franklin County Municipal Court. The complaint alleged that appellant owed appellee $6,315.75 in unpaid tuition. Appellant filed an answer and the case was set for trial. On January 17, 2013, appellee filed a "motion for leave to file motion for summary judgment" with an attached motion for summary judgment. In an entry filed on April 24, 2013, the trial court granted appellee's motion for leave and

deemed appellee's motion for summary judgment filed the same day. Appellant did not file a response to appellee's motion for summary judgment.

{¶ 3}   On June 4, 2013, the trial court granted summary judgment in favor of appellee and the judgment was journalized the same day. The court's journal states that, on June 5, 2013, the clerk issued notice of the June 4, 2013 judgment to the parties. On June 14, 2013, appellant filed a motion for reconsideration of the trial court's June 4, 2013 judgment, but did not file a notice of appeal. On June 7, 2013, the trial court denied appellant's motion for reconsideration. This appeal followed. Appellant's August 16, 2013 notice of appeal states "appellant * * * hereby appeals * * * the * * * order entered on July 17, 2013 rejecting the defendant's Motion for Reconsideration."

## II.  ASSIGNMENTS OF ERROR

{¶ 4}   Appellant brings the following assignments of error for our review:

> [I.]  The trial court erred in failing to provide notice to Ellis's counsel that the Franklin's motion for leave had been granted on April 24, 2013.
>
> [II.] The trial court erred in granting Franklin's motion for summary judgment on June 4, 2013 without providing appellant an opportunity, in accordance with the Ohio Civil Rule 56 and Franklin County Municipal Court Local Rule 3.04(3), to respond.
>
> [III.] The trial court violated Ellis's procedural due process rights under the Ohio Constitution, Article 1, Section 16, when it failed to provide notice and to give her an opportunity to respond to the motion for summary judgment.

## III.  DISCUSSION

{¶ 5}   Before addressing the merits of appellant's assignments of error, we must first address appellee's argument that the present appeal is not properly before this court. According to appellee, because the trial court's June 4, 2013 judgment was a final, appealable order and appellant failed to appeal from that order, we lack jurisdiction to consider the present appeal.

{¶ 6}   "[T]he jurisdiction of an appellate court is limited to final appealable orders."  *O'Toole v. Dove*, 10th Dist. No. 12AP-955, 2013-Ohio-5539, ¶ 4.   R.C. 2505.02(B)(1) defines a final and appealable order, in part, as "[a]n order that affects a

substantial right in an action that in effect determines the action and prevents a judgment."  "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court."  *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153 (1989).  Moreover, "the civil rules do not require a judgment to be written in any particular form."  *In re Tyus*, 10th Dist. No. 02AP-1436 (Oct. 7, 2004), citing *Peters v. Arbaugh*, 50 Ohio App.2d 30, 32 (10th Dist.1976).

{¶ 7}  The trial court's June 4, 2013 order, captioned "judgment," granted summary judgment in favor of appellee thereby completely resolving the dispute between the parties.  Accordingly, we conclude the trial court's June 4, 2013 judgment constitutes a final, appealable order.

{¶ 8}  Rather than file a notice of appeal from the June 4, 2013 judgment, appellant filed a motion to reconsider the judgment.  A motion for reconsideration of a final judgment in a civil case is a nullity.  *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981).  Thus, "all judgments or final orders from said motion are a nullity."  *Id.* at 381.  Therefore, the trial court's July 7, 2013 decision denying appellant's motion for reconsideration was a nullity and did not constitute a final, appealable order.

{¶ 9}  Appellant asserts she received "no notice of a final appealable order * * * *per Ohio Civil Rule 58(B)* in response to the June 4th summary judgment decision."  (Emphasis sic.)  (Appellant's reply brief, 6-7.)  Further, appellant argues the court's journal does not satisfy the requirements of Civ.R. 58(B), specifically, appellant takes issue with the absence of express language in the judgment directing the clerk of courts to serve the parties with the judgment.

{¶ 10}  Civ.R. 58(B) governs proper service of a judgment.  It states in relevant part:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal.  [T]he clerk shall serve the parties * * * note the service in the appearance docket.  Upon serving the notice and notation of the service in the appearance docket, the service is complete.  The failure of the clerk to serve notice does not affect the validity of the judgment.

{¶ 11} "[O]nce the clerk serves a notice of judgment on the parties in a manner prescribed by Civ.R. 5(B) (which includes mailing a notice to the last known address of the person to be served), and the clerk notes that service on its docket, the service is deemed complete." *Leonard v. Delphia Consulting, LLC*, 10th Dist. No. 06AP-874, 2007-Ohio-1846, ¶ 11. Further, "the failure of any party to actually receive the notice does not affect the validity of the judgment or the running of the time for appeal." *Id.*

{¶ 12} Upon review of the record, on June 4, 2013, the trial court issued a judgment granting appellee's motion for summary judgment and the judgment was journalized the same day. Although the judgment failed to direct the clerk to serve notice upon all parties of the judgment, the record reflects that the clerk, on June 5, 2013, journalized that it had sent notice of the June 4, 2013 judgment to the parties. Moreover, the clerk's records reflect the correct name and address of the parties' counsel. "Therefore, pursuant to the express terms of Civ.R. 58(B), service was complete[d]." *Id.* at ¶ 12.

{¶ 13} Although appellant argues she did not receive notice of the trial court's June 4, 2013 order, the record demonstrates otherwise. Indeed, appellant must have received notice of the trial court's June 4, 2013 judgment because, on June 14, 2013, appellant filed a motion for reconsideration of the trial court's June 4, 2013 judgment in which she refers to the June 4, 2013 entry multiple times. As such, appellant, having received service of the June 4, 2013 judgment, did not suffer any prejudice from the lack of Civ.R. 58(B) language directing the clerk to serve notice of the judgment upon all parties. Thus, we find, consistent with the requirements of Civ.R. 58(B), that appellant was properly served with the June 4, 2013 judgment.

{¶ 14} Pursuant to App.R. 4(A), "[a] party shall file [a] notice of appeal * * * within thirty days of the * * * service of the notice of judgment and its entry" on the record. "Failure to comply with App.R. 4(A) is a jurisdictional defect and is fatal to any appeal." *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731, ¶ 6 (10th Dist.). Here, the trial court's judgment was journalized on June 4, 2013, and notice of the trial court's judgment was issued on June 5, 2013. Thus, in order to challenge the trial court's granting of summary judgment to appellee, appellant was

required to file a notice of appeal within 30 days.  The record reveals that appellant failed to file a notice of appeal from the trial court's June 4, 2013 judgment.

{¶ 15} Accordingly, because the June 4, 2013 judgment was a final, appealable order from which appellant failed to appeal, we lack jurisdiction to hear the present appeal.

## IV.  CONCLUSION

{¶ 16} Because this court lacks jurisdiction to hear the appeal in this matter, this action is dismissed.

*Action dismissed.*

BROWN, J., concurs.
TYACK, J., dissents.

TYACK, J., dissenting.

{¶ 17} Appellant was a student at Franklin University for a fairly brief period of time. After she discontinued her studies, Franklin University sued her for fees it felt it was owed. Certified mail service of process was perfected and an attorney affiliated with the Legal Aid Society of Columbus timely filed an answer on her behalf.

{¶ 18} Discovery was pursued and a mediation conference was scheduled.  No settlement occurred.

{¶ 19} In November 2012, the case was set for a pretrial conference with the judge assigned to the case.  A second pretrial conference occurred in January 2013, and the case was set for a court trial with a trial date of March 21, 2013.

{¶ 20} On January 17, 2013, counsel for Franklin University filed a motion seeking leave to file a motion for summary judgment.  Before the trial court ruled on the motion, counsel for Franklin University filed a motion to continue the March 21 trial date to a later date so the trial court could consider the motion for leave to file summary judgment and the summary judgment motion itself if leave were granted.

{¶ 21} The case was continued to May 30, 2013 for another pretrial.

{¶ 22} The trial court judge next signed a document entitled "Order" submitted by counsel for Franklin University which purported to allow the filing of the motion for summary judgment. The document states on its face that leave was ordered as of April 11, 2013 but the "Order" was not file stamped until April 24, 2013. A second file stamp says the document was "received" on April 25, 2013.

{¶ 23} The next document in the record is a document from the assignment office of the Franklin County Municipal Court entitled "Notice of Motion for Summary Judgment." The "notice" informs the reader that a motion for summary judgment has been filed by the plaintiff (Franklin University). The document has no file stamp, but purports to be dated May 1, 2013. The document does not inform the reader who is getting the document and when. We cannot tell from this document if counsel for Tiffany Ellis was actually sent the document.

{¶ 24} The record also includes a motion for summary judgment with a file stamp of April 24, 2013 and a received stamp of April 25, 2013. The document has a certificate of service which claims that it was served on counsel for appellant on January 17, 2013—over three months before it was properly filed with the municipal court. The certificate of service apparently reflects the date the motion for leave was filed, not separate service of the motion for summary judgment.

{¶ 25} The May 30, 2013 hearing date was vacated, and the case was scheduled for a hearing on July 25, 2013.

{¶ 26} The next document in the record is entitled "Judgment." It has a file stamp of June 4, 2013. In the body of the document, the trial court judge indicates that judgment was

granted on May 30, 2013.  The document does not reflect when, or if, it was provided to counsel for appellant or by whom.

{¶ 27} Counsel for appellant filed a motion to reconsider on June 14, 2013.  Normally, a motion to reconsider is considered a nullity, but we cannot say that the document purporting to grant judgment was a journalized judgment entry properly served by the municipal court clerk. If the action had not been properly terminated, a motion for reconsideration was not inappropriate.  Counsel for Ellis stated in his brief that a copy of the "Judgment" document was mailed to him on June 5, 2013.  Nothing in the record from the trial court supports this statement.  Nor are we informed when counsel supposedly received the document from the court, as opposed to receiving it from counsel for Franklin University or another source.  Again, the document was allegedly signed on May 30 and filed June 4, 2013.

{¶ 28} The trial court judge assigned to the case refused reconsideration in an entry which claims that appellant "has not met its legal burden."  This entry indicates it is a final appealable order and orders the clerk of the municipal court "to serve upon all parties notice of the judgment and its date of entry upon the journal."  These provisions were not in the document labelled "Judgment" prepared by counsel for Franklin University and eventually signed by the trial court judge.

{¶ 29} This case is far from a model of compliance with the Ohio Rules of Civil Procedure.  Once leave to file a motion for summary judgment was granted, counsel for Franklin University should have formally filed the motion and served it upon counsel for appellant.  I believe the failure of counsel for Franklin University to do so is fatal to the validity of the proceedings which followed.  I would sustain the second assignment of error.  The trial court

should not have ruled on the motion for summary judgment when it had not been properly filed and served.

{¶ 30} The "notice" document in the record purports to give only eight days from its issuance for counsel to respond to the motion for summary judgment. We cannot tell from the court record when, or even if, anyone received this notice. Assuming counsel for appellant did receive it, the time allowed was inconsistent with the Ohio Rules of Civil Procedure and the Local Rules of the Franklin County Municipal Court. I believe this error was not prejudicial only because the motion for summary judgment was not properly filed and served.

{¶ 31} I believe our ruling of the second assignment of error renders the third assignment of error moot. The trial court was not obligated to serve the motion for summary judgment. Counsel for Franklin University had the obligation to properly serve that motion once leave to file that motion had been obtained.

{¶ 32} I simply do not agree that the record before us demonstrates that the document labelled "Judgment," not judgment entry, was ever properly served on counsel for Tiffany Ellis. Without proper service, the time for appeal never started running. Thus, the notice of appeal was timely filed. Since the notice of appeal was timely filed, we should not dismiss this appeal but, as a panel, should address the merits of the assignments of error. Since the majority does not, I respectfully dissent.

_____