[Cite as *Boulware v. Chrysler Group, L.L.C.*, 2014-Ohio-3398.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael L. Boulware, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-1061 |
| v. | : | (C.P.C. No. 11CV-11-13970) |
| Chrysler Group, L.L.C. et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on August 5, 2014

*Chris L. Soon*, for appellant.

*John R. Conley*, for appellee Chrysler Group, L.L.C.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Michael L. Boulware, plaintiff-appellant, appeals from both the February 10, 2012 decision and entry of the Franklin County Court of Common Pleas which granted defendant-appellee Chrysler Group, L.L.C.'s motion to stay and compel arbitration and the November 21, 2013 decision and entry of the trial court which denied appellant's motion to reconsider its February 10, 2012 decision and entry.

## I. BACKGROUND

{¶ 2} On November 9, 2011, appellant filed a complaint against appellee and Crown Chrysler Jeep, Inc. ("Crown") in the Franklin County Court of Common Pleas setting forth causes of action arising from the sale and subsequent servicing of a motor vehicle purchased by appellant. The complaint alleged that appellee breached express

and implied warranties, engaged in unfair and deceptive practices, and violated Ohio's Lemon Law. As to Crown, the complaint alleged that Crown engaged in unfair and deceptive acts regarding the sale of the vehicle at issue.

{¶ 3} On December 19, 2011, appellee filed a motion to stay and compel arbitration pursuant to an arbitration agreement attached to appellant's purchase agreement. Appellant voluntarily dismissed all claims against Crown on February 1, 2012. On February 10, 2012, the trial court granted appellee's motion and issued a decision and entry (hereinafter "February 10, 2012 entry") staying the matter and compelling the remaining parties to participate in arbitration. Over six months later, appellant filed a motion for reconsideration of the trial court's February 10, 2012 entry.

{¶ 4} On November 21, 2013, the trial court denied appellant's motion for reconsideration (hereinafter "November 21, 2013 entry"). The trial court reasoned, because its February 10, 2012 entry was a final, appealable order and because the Ohio Rules of Civil Procedure do not provide for a motion for reconsideration after the issuance of a final, appealable order, appellant's motion for reconsideration was a nullity and could not be considered. On December 20, 2013, appellant filed a notice of appeal from both the February 10, 2012 and the November 21, 2013 entries. On January 31, 2014, appellee filed a motion to dismiss the present appeal as untimely filed.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant asserts the following assignments of error for our review:

[I.] THE TRIAL COURT ERRED IN ISSUING DECLARATORY JUDGMENTS ON FEBRUARY 10, 2012 AND NOVEMBER 21, 2013, WHEN THE NECESSARY PARTY CROWN CHRYSLER JEEP, INC. WAS NOT JOINED TO THE ACTION.

[II.] THE TRIAL COURT ERRED IN ISSUING DECLARATORY JUDGMENTS ON FEBRUARY 10, 2012 AND NOVEMBER 21, 2013, WHEN THE NECESSARY PARTY THE OHIO ATTORNEY GENERAL WAS NOT JOINED TO THE ACTION.

[III.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ITS RULING OF NOVEMER 21, 2013 FINDING MICHAEL L. BOULWARE WAS THE PARTY DEMANDING ARBITRATION.

## III.  DISCUSSION

### A.  Motion to Dismiss

{¶ 6}   Because appellee's motion to dismiss the present appeal is dispositive of this matter, we address it first.   In its motion to dismiss, appellee asserts because the February 10, 2012 entry was a final, appealable order from which appellant failed to timely file a notice of appeal, this court lacks jurisdiction to consider the present appeal.

{¶ 7}   "Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), this court's appellate jurisdiction is limited to the review of final orders of lower courts."  *Cooper State Bank v. Columbus Graphics Comm.*, 10th Dist No. 11AP-1069, 2012-Ohio-3337, ¶ 4; *Best v. Ohio State Real Estate Comm.*, 10th Dist. No. 13AP-677, ¶ 2 (Nov. 19, 2013) (memorandum decision).  "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof."  *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971).   "A trial court's order is final and appealable only if it satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)."  *Cooper State Bank* at ¶ 4, citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999).

{¶ 8}   Relevant here, R.C. 2711.02(B) provides "[i]f any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court * * * shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement."   "[A]n order under R.C. 2711.02(B) that grants or denies a stay of a trial pending arbitration 'is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure.' "  *Stoner v. Salon Lofts, LLC*, 10th Dist. No. 13AP-437, 2014-Ohio-796, ¶ 14, quoting R.C. 2711.02(C); *Mynes v. Brooks*, 124 Ohio St.3d 13, 2009-Ohio-5946, ¶ 1.

{¶ 9}   On appeal, appellant does not challenge the determination by the trial court that its February 10, 2012 entry constitutes a final, appealable order.  Rather, appellant characterizes the February 10, 2012 entry as a decision granting declaratory judgment.  As such, he argues that the entry does not comply with the requirements of R.C. 2721.12.  Specifically, appellant argues that the necessary parties were not joined, making the February 10, 2012 entry void.  Appellant also argues that:

> [T]he trial court's judgment entry of November 21, 2013 is not legally indistinguishable from the prior entry of February 10, 2012. Review of both entries clearly demonstrates the trial court's judgment entry of February 10, 2012 is inchoate in failing to make any determination as to which party was the "demanding party" within the context of the Agreement to Arbitrate. The trial court did make such a decree in its judgment entry of November 21, 2013. As such, the November 2013 entry is not merely a statement that Mr. Boulware's motion for reconsideration was a nullity. While it is Mr. Boulware's assertion this also suffers from the same jurisdictional defect as its February 2012 ruling, it is further properly subject to appeal for its specific finding that despite his ongoing and vigorous opposition to arbitration, Mr. Boulware is the party seeking it at the trial level.

(Amended Memorandum in Opposition to Motion to Dismiss, 4.)

{¶ 10} Upon review of the complaint and record, we disagree that the February 10, 2012 entry granted declaratory judgment. "The declaratory judgment statutes contemplate a distinct proceeding that a party generally initiates by filing a complaint." *In re J.D.F.,* 10th Dist. No. 07AP-922, 2008-Ohio-2793, ¶ 9. Appellee did not initiate an action for declaratory relief; rather, appellee filed a motion to stay and compel arbitration pursuant to the arbitration agreement. We are unaware of any authority—and appellant cites to none—that a motion to stay and compel arbitration constitutes an action for declaratory relief. Moreover, the aforementioned entry is titled "Decision and Entry Granting Defendant's Motion to Stay and Compel Arbitration." Accordingly, because appellee did not seek declaratory relief and the trial court did not grant such relief, the requirements of R.C. 2721.12 are inapplicable.

{¶ 11} Having determined that the February 10, 2012 entry is a final, appealable order, we address the timeliness of appellant's notice of appeal. Pursuant to App.R. 4(A), "[a] party shall file [a] notice of appeal * * * within thirty days of the * * * service of the notice of judgment and its entry" on the record. "Failure to comply with App.R. 4(A) is a jurisdictional defect and is fatal to any appeal." *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731, ¶ 6 (10th Dist.). Despite acknowledging that a notice of appeal was not filed from the trial court's February 10, 2012 entry until December 20, 2013, appellant argues without citation to legal authority that, because the

trial court's November 21, 2013 entry "is not legally indistinguishable from the prior entry of February 10, 2012," his time for appeal of the February 10, 2012 entry was extended, and, thus, he timely appealed. We disagree.

{¶ 12} In order for appellant's notice of appeal to be timely, appellant was required to file said notice within 30 days of the February 10, 2012 entry or no later than March 11, 2012. Because appellant did not file his notice of appeal until December 20, 2013, almost two years from the February 10, 2012 final, appealable order, his appeal is untimely.

{¶ 13} Appellant also appeals from the November 21, 2013 entry denying his motion for reconsideration. It is well-settled law that "[a] motion for reconsideration of a final judgment in a civil case is a nullity." *Franklin Univ. v. Ellis*, 10th Dist. No. 13AP-711, 2014-Ohio-1491, ¶ 8, citing *Pitts v. Ohio Dept. of Transp.,* 67 Ohio St.2d 378 (1981). Thus, " 'all judgments or final orders from said motion are a nullity.' " *Id.*, quoting *Pitts* at 381. Because appellant's motion for reconsideration sought reconsideration of the February 10, 2012 entry, previously determined to be a final, appealable order, said motion is a nullity. Therefore, the trial court's November 21, 2013 decision and entry denying appellant's motion for reconsideration is a nullity and is not a final, appealable order.

{¶ 14} For the above stated reasons, we lack jurisdiction to hear the present appeal. Accordingly, appellee's motion to dismiss is hereby granted.

## IV. CONCLUSION

{¶ 15} Because this court lacks jurisdiction to hear the appeal in this matter, this action is dismissed.

*Motion to dismiss granted;*
*action dismissed.*

TYACK and O'GRADY, JJ., concur.

_____