[Cite as *McCualsky v. Appalachian Behavioral Healthcare*, 2017-Ohio-1064.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Amy McCualsky et al.,                          :

    Plaintiffs-Appellants,              :

                                                    No. 16AP-442
v.                                             :        (Ct. of Cl. No. 2011-10240)

Appalachian Behavioral Healthcare et al.,      :        (REGULAR CALENDAR)

    Defendants-Appellees.               :

---

D E C I S I O N

Rendered on March 23, 2017

---

**On brief:** *F. Harrison Green Co., LPA,* and *F. Harrison Green,* for appellants. **Argued:** *F. Harrison Green.*

**On brief:** *Michael DeWine,* Attorney General, and *Eric A. Walker,* for appellee Appalachian Behavioral Healthcare. **Argued:** *Eric A. Walker.*

---

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiffs-appellants, Amy and David McCualsky, appeal from a May 10, 2016 entry of the Court of Claims of Ohio denying appellants' motion for reconsideration of the court's March 26, 2016 judgment entry dismissing appellants' complaint pursuant to Civ.R. 41(A)(2). For the reasons that follow, we find that the May 10, 2016 judgment is not a final, appealable order, and we must dismiss the appeal.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 15, 2011, appellants filed a complaint in the Court of Claims against appellee alleging medical negligence and loss of consortium. The complaint also alleges that plaintiff-appellee Appalachian Behavioral Healthcare permitted an

unauthorized individual to take Mary McCualsky from appellee's facility and subsequently assault her. Appellants filed the affidavit of a licensed physician as an exhibit to the complaint, as required by Civ.R. 10(D).[1]

{¶ 3} The Court of Claims stayed the case due to the existence of a connected action in the Athens County Court of Common Pleas. Appellants subsequently notified the Court of Claims that the Athens County Court of Common Pleas had dismissed the connected action, and on June 3, 2014, the Court of Claims lifted the stay and scheduled the matter for trial. For various reasons, the trial date was twice continued and eventually rescheduled to September 21, 2015.

{¶ 4} On the day of trial, appellants orally moved the court for a continuance for the purpose of obtaining the testimony of certain physicians. The magistrate denied the motion. Thereupon, appellants made an oral motion to dismiss their complaint pursuant to Civ.R. 41. On October 13, 2015, the magistrate issued an "Order of Dismissal," purporting to dismiss the complaint pursuant to Civ.R. 41(A)(2). On December 24, 2015, appellants filed a "Motion for Dismissal Under Rule 41(A)." On January 22, 2016, the magistrate issued a decision wherein the magistrate repeated the findings and conclusions made in the October 13, 2015 order of dismissal and "recommended" that appellants' complaint be dismissed pursuant to Civ.R. 41(A)(2). (Jan. 22, 2016 Decision at 3.) In accordance with Civ.R. 53, the January 22, 2016 magistrate's decision indicates that "[a] party may file written objections to the magistrate's decision within 14 days of the filing of the decision." (Decision at 3.)

{¶ 5} Appellants filed objections on February 8, 2016 arguing that the magistrate erred by recommending dismissal, pursuant to Civ.R. 41(A)(2), rather than "an involuntary dismissal per Civil Rule 41 wherein Plaintiffs are entitled to re-file this matter." (Objs. at 3.) On March 23, 2016, the Court of Claims issued an "Entry of Dismissal," wherein the court denied appellants' objections as untimely filed, adopted the magistrate's recommendation, and dismissed appellants' complaint pursuant to Civ.R. 41(A)(2). On April 8, 2016, appellants filed a motion for reconsideration arguing that they

---

[1] Appellants had previously asserted these claims against appellee in case No. 2010-09094, but they dismissed their complaint on August 18, 2011 by filing a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a).

had mailed their objections on February 3, 2016, well within the 14-day deadline, but, through no fault of their own, the Court of Claims did not file the objections until February 8, 2016. On May 10, 2016, the Court of Claims issued an entry denying appellants' motion for reconsideration because "[a] motion for reconsideration of a final judgment in the trial court is not authorized under the Ohio Rules of Civil Procedure and is considered a nullity. *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981)." (Entry at 1.)

{¶ 6} On June 9, 2016, appellants filed a notice of appeal to this court from the May 10, 2016 entry of the Court of Claims. On August 9, 2016, appellee filed a motion to dismiss the appeal as untimely filed, which this court denied on August 29, 2016.

## II.  ASSIGNMENT OF ERROR

{¶ 7} Appellants set forth the following sole assignment of error:

> The trial court erred in denying Plaintiffs-Appellants Motion for Reconsideration as a nullity pursuant to Ohio Rules of Civil Procedure.

## III. LEGAL ANALYSIS

{¶ 8} In appellants' sole assignment of error, appellants argue that the Court of Claims erred by denying their motion for reconsideration as a nullity. We disagree.

{¶ 9} The Court of Claims, citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981), determined that appellants' motion for reconsideration was a nullity because it sought reconsideration of the March 23, 2016 entry of dismissal, which was a final order. " '[T]he entire concept of "final orders" is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof.' " *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971).

{¶ 10} Here, appellants sought reconsideration of the Court of Claims' March 23, 2016 entry of dismissal, wherein the court denied appellants' objections as untimely filed, adopted the magistrate's recommendation, and dismissed appellants' complaint pursuant to Civ.R. 41(A)(2). The Court of Claims' judgment entry disposes of all pending claims in the case. Consequently, the March 23, 2016 entry of dismissal was a final order.

{¶ 11} The Supreme Court of Ohio in *Pitts* held that "motions for reconsideration of a final judgment in the trial court are a nullity." *Id.* at 379. *Accord, BAC Home Loans Servicing, LP v. Ferguson*, 10th Dist. No. 12AP-350, 2012-Ohio-5670, ¶ 13; *Kelley v. Stauffer*, 10th Dist. No. 10AP-235, 2010-Ohio-4522, ¶ 6; *Estate of Millhon v. Millhon Clinic, Inc.*, 10th Dist. No. 07AP-413, 2007-Ohio-7153, ¶ 38; *Miller v. Anthem, Inc.*, 10th Dist. No. 00AP-275 (Dec. 12, 2000). "A legal nullity by definition is something that 'never occurred.' " *Fravel v. Columbus Rehab. & Subacute Inst.*, 10th Dist. No. 16AP-270, 2016-Ohio-5807, ¶ 15, quoting *PNC Bank, N.A. v. J & J Slyman, L.L.C.*, 8th Dist. No. 101777, 2015-Ohio-2951, ¶ 20. " 'Moreover, "[i]t follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment." ' " *Levy v. Ivie*, 195 Ohio App.3d 251, 2011-Ohio-4055, ¶ 15 (10th Dist.), quoting *Rutan v. Collins*, 10th Dist. No. 03AP-36, 2003-Ohio-4826, ¶ 7, quoting *Primmer v. Lipp*, 5th Dist. No. 02-CA-94, 2003-Ohio-3577, ¶ 7. *See also Aicher v. Aicher*, 10th Dist. No. 08AP-859, 2009-Ohio-1268, ¶ 19, quoting *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988) ("[A]ny judgment or final order that results from a motion for reconsideration 'is a nullity itself.' ").

{¶ 12} "Ohio appellate courts have jurisdiction to review only final, appealable orders of lower courts within their districts." *K.B. v. Columbus*, 10th Dist. No. 14AP-315, 2014-Ohio-4027, ¶ 8, citing Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. "If an order is not a final, appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed." *K.B.* at ¶ 8, citing *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993). *See also Whipps v. Ryan*, 10th Dist. No. 12AP-509, 2013-Ohio-4334, ¶ 22, citing *Kopp v. Associated Estates Realty Corp.*, 10th Dist. No. 08AP-819, 2009-Ohio-2595, ¶ 6, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972). Consequently, appellate courts may raise, sua sponte, the jurisdictional question of whether an order is final and appealable. *Whipps* at ¶ 22, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 87 (1989); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997).[2]

---

[2] The subsequent amendment to Civ.R. 54(B) supersedes *Chef Italiano* on other grounds.

{¶ 13} As set forth above, under Ohio law, a motion for reconsideration of a final order in a civil case is a nullity and all judgments or final orders from said motion are also a nullity. *Levy*; *Rutan*; *Aicher*. Because a trial court order denying reconsideration of a final order is a nullity and not subject to appeal, the Court of Claims' May 10, 2016 entry denying appellants' motion for reconsideration is not a final, appealable order. *Boulware v. Chrysler Group, L.L.C.*, 10th Dist. No. 13AP-1061, 2014-Ohio-3398, ¶ 13; *Franklin Univ. v. Ellis*, 10th Dist. No. 13AP-711, 2014-Ohio-1491, ¶ 8. Because the order appealed from is not a final, appealable order, this court lacks jurisdiction, and we must dismiss the appeal. *Id.*

## IV. CONCLUSION

{¶ 14} Having determined that this court lacks jurisdiction to hear the appeal in this matter, we dismiss the appeal.

*Appeal dismissed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____