**[Cite as *Reid v. Shaffer*, 2020-Ohio-5448.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sarah A. Boyer Reid (nka Red), | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-765 |
| v. | : | (C.P.C. No. 15JU-217) |
| Christopher B. Shaffer, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 25, 2020

**On brief:** *Battisti & Ansbro, Eugene F. Battisti, Jr.,* and *Mary C. Ansbro*, for appellant. **Argued:** *Mary C. Ansbro.*

**On brief:** *The Nigh Law Group, LLC, Joseph A. Nigh,* and *Courtney A. Zollars*, for appellee. **Argued:** *Courtney A. Zollars.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

NELSON, J.

{¶ 1} Plaintiff-appellant, Sarah A. Boyer Reid (nka Red), contends the trial court erred both in refusing to give her more time to file a transcript in support of her objections to a magistrate's decision and in not conducting a proper independent review of her objections to justify overruling them. She has not shown that the trial court abused its discretion in denying her request for more time to file the transcript: she filed her motion after the date the transcript was due and did not demonstrate that her neglect—including not requesting or paying the deposit on the transcript—was "excusable" in the circumstances here. Nor has she demonstrated that the trial court mishandled her objections, which mainly stated in very general terms that the magistrate's decision was "contrary to the facts" and to a statute and/or unspecified "caselaw." July 3, 2019

Objections at 1-4. Ms. Boyer Reid fails to convince us that the trial court "committed reversible error," Appellant's Brief at ix-x, and we will affirm the trial court decision.

{¶ 2} This appeal grows out of extensive litigation over child custody and support. The case began in October 2014 when defendant-appellee, Christopher B. Shaffer, filed in Fairfield County, Ohio a request for recognition of a foreign decree pertaining to a child custody order issued in North Carolina. The case was transferred to the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in January 2015. An initial round of motions concerning custody of the parties' minor child, contempt, and fees were considered by a magistrate over a 21-day trial during 2015 and 2016. A magistrate issued a decision in 2017 terminating the parties' joint custody order, designating Mr. Shaffer as sole residential parent and legal custodian of the minor child, issuing a comprehensive order relating to Ms. Boyer Reid's parenting time, and ordering Ms. Boyer Reid to pay child support, attorney fees, and litigation expenses. After granting Ms. Boyer Reid leave to file objections out of time, the trial court overruled those objections and adopted the magistrate's decision in January 2018.

{¶ 3} Another round of motions followed. Ms. Boyer Reid filed 18 motions, Mr. Shaffer filed eight motions, and the guardian ad litem ("GAL") appointed for the minor child filed one motion. A magistrate considered the motions over a seven-day hearing in November 2018 and issued a decision on June 19, 2019 ordering that Mr. Shaffer maintain his custodial status, that Ms. Boyer Reid receive supervised parenting time and pay child support, and that each party pay one-half of the GAL fees incurred. The magistrate also held Ms. Boyer Reid in contempt for failure to pay attorney fees. On July 2, 2019, Mr. Shaffer filed a motion pursuant to Civ.R. 60(A) asserting the magistrate had made a clerical error in the reallocation of GAL fees.

{¶ 4} The day after Mr. Shaffer filed his Civ.R. 60(A) motion, July 3, 2019, Ms. Boyer Reid filed eleven objections to the magistrate's decision, stating in full:

> First, the Magistrate's Decision regarding Plaintiff's Motion To Modify Parental Rights, filed April 5, 2018 is contrary to the facts. Additionally, the Magistrate's Decision regarding Plaintiff's Motion To Modify Parental Rights, filed April 5, 2018 is contrary to O.R.C. 3109.04 and Ohio caselaw. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed to increase Plaintiff's parenting time and remove the

requirement of supervision if not return the parties to shared parenting.

Second, the Magistrate's Decision regarding Defendant's Motion To Modify Parental Rights, filed February 6, 2018 is contrary to the facts. Additionally, the Magistrate's Decision regarding Defendant's Motion To Modify Parental Rights, filed February 6, 2018 is contrary to O.R.C. 3109.051 and Ohio caselaw. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed to increase Plaintiff's parenting time and remove the requirement of supervision.

Third, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed March 31, 2016 and March 30, 2017 is contrary to the facts. Additionally, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed March 31, 2016 and March 30, 2017 is contrary to Ohio caselaw. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed and Defendant should be found in Contempt of the North Carolina Decree and this Court's prior orders concerning telephone contact.

Fourth, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed August 29, 2016 is contrary to the facts pertaining to the additional missed telephone calls and viewing of a deceased. Additionally, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed August 29, 2016 is contrary to Ohio caselaw. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed in part to find Defendant in Contempt. Plaintiff does not allege any error with the Magistrate find[ing] Defendant in Contempt pertaining to Defendant's failure to notify Plaintiff regarding the emergency room visit.

Fifth, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed January 19, 2017 is contrary to the facts pertaining to the certified mailers, the child's physical appearance, and telephone calls. Additionally, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed January 19, 2017 is contrary to Ohio caselaw. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed in part to find Defendant in Contempt. Plaintiff does not allege any error with the Magistrate find[ing] Defendant in Contempt pertaining to Defendant's transfer of the minor child's primary care physician.

Sixth, the Magistrate's Decision regarding Defendant's Motions for Contempt, filed March 1, 2018 is contrary to the

facts pertaining to Plaintiffs ability to pay attorney fees when Defendant was not complying with his financial obligations to Plaintiff. Additionally, the Magistrate's Decision regarding Defendant's Motions for Contempt, filed March 1, 2018 is contrary to Ohio caselaw. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed to find that Plaintiff is not in contempt. The penalty for Plaintiffs Contempt is not comparable to the penalties leveled against Defendant and there is no legal or factual basis for the discrepancy. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed [and] should be reduced to be commensurate with Defendant's penalty of $25.00 per incident.

Seventh, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed October 17, 2017 is contrary to the facts. According to the Magistrate's Decision, Defendant blatantly stated that he would not be complying with the Court's Order. Additionally, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed October 17, 2017 is contrary to Ohio caselaw. That the Court is sympathetic to Defendant's reason for denying the visit does not excuse Defendant's failure to comply. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed to find Defendant in Contempt.

Eighth, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed February 14, 2018 is contrary to the facts pertaining to Branch I, II, and IV. According to the Magistrate's Decision, Defendant blatantly stated that he would not be complying with the Court's Order. Additionally, the Magistrate's Decision regarding Plaintiffs Motions for Contempt, filed February 14, 2018 is contrary to Ohio caselaw. That the Court is sympathetic to Defendant's reason for denying the visit does not excuse Defendant's failure to comply. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed in part to find Defendant in Contempt as set forth in Branch I, II and IV of Plaintiffs Motion.

Ninth, the Magistrate's Decision regarding Child Support is contrary to the facts. According to the Magistrate's Decision, neither party presented evidence regarding Defendant's self-employed income; nor, was evidence presented that demonstrated that Plaintiff was capable of working the number of hours the Court imputed to Plaintiff, that Plaintiff was voluntarily underemployed, and that Plaintiff could find employment at the rate specified previously earned.

Additionally, the Magistrate's Decision regarding Child Support is contrary to Ohio caselaw. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be returned for further hearing pertaining to child support.

Tenth, the Magistrate's Decision regarding Tax Exemptions is contrary to the facts. According to the Magistrate's Decision, neither party presented evidence regarding his/her net tax savings from claiming the minor child. The court also did not consider the significant tax savings that Defendant's status as a self-employed individual enabled him to claim. Additionally, the Magistrate's Decision regarding Child Support is contrary to Ohio caselaw. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be reversed to designate that Plaintiff claim the tax exemption so long as she is substantially current on her child support.

Eleventh, the Magistrate's Decision regarding Mother's motion for reallocation of GAL fees, filed August 14, 2018 and Mother's motion to reallocate supervision fees, filed August 7, 2018, is contrary to the facts. Additionally, the Magistrate's Decision regarding Mother's motion for reallocation of GAL fees, filed August 14, 2018 and Mother's motion to reallocate supervision fees, filed August 7, 2018 is contrary to Ohio caselaw. Accordingly, the Magistrate's Decision, filed June 19, 2019, should be returned for further hearing pertaining to allocation of GAL and supervision fees consistent with the allegations of error outlined above. Wherefore, Plaintiff requests that this Court reverse the Magistrate's Decision, filed June 19, 2019, or remand it for further hearings as set forth above.

July 3, 2019 Objections at 1-4. Ms. Boyer Reid reserved "the right to supplement these assignments of error upon receipt and review of the transcript." July 3, 2019 Objections at 5.

{¶ 5} Over a month later, Mr. Shaffer on August 6, 2019 filed a motion to dismiss the objections and for attorney fees asserting that, although Ms. Boyer Reid had filed her objections on time, she had failed to file a transcript or affidavit within 30 days of filing the objections, as required by Juv.R. 40(D)(3)(b)(iii), and had failed to request the transcript within three days of filing the objections as required by local court rules. Mr. Shaffer asked the court to dismiss the objections due to the rule violations and in light of "the extensive length of litigation in the above captioned matter, and the need for the minor child at issue to have resolution to this matter[.]" August 6, 2019 Motion to Dismiss at 3.

{¶ 6}    The following day, August 7, 2019, Ms. Boyer Reid filed a "motion for leave to file transcript untimely," which cited Civ.R. 53(D)(3) and asked for "leave for an extension to file the transcript" due to "the uncertainty surrounding the actual terms of the Magistrate's Decision [referring to Mr. Shaffer's pending Civ.R. 60(A) motion on allocation of GAL fees], the excusable neglect by counsel, [and] the length and expense of the transcript[.]" August 7, 2019 Motion for Leave at 2. The motion stated that court reporters indicated that they required at least 45 days to complete the transcript, and submitted that Ms. Boyer Reid "has been unemployed due to injury" and required additional time to raise the funds necessary to pay for the transcripts. August 7, 2019 Motion for Leave at 2. The unverified motion was not accompanied by affidavits or other supporting documents.

{¶ 7}    The trial court held a hearing on August 13, 2019 to address Ms. Boyer Reid's objections and motion for leave to file an untimely transcript and Mr. Shaffer's motion to dismiss the objections. With a transcript of the hearing unavailable due to a problem with the recording system, Mr. Shaffer proposed, and the trial court issued pursuant to App.R. 9(C)(1), a statement of the August 13, 2019 hearing. According to the App.R. 9(C)(1) statement, counsel for both parties presented oral arguments relating to their respective pleadings; no testimony was taken and neither side submitted additional evidence. Ms. Boyer Reid did not attend the hearing, but her counsel stated that on July 3, 2019, "they had called the wrong [c]ourt [r]eporter's [o]ffice in their request for a transcript but did not receive a message in return" and when Ms. Boyer Reid's "counsel learned of the issue, they contacted the proper [c]ourt [r]eporter's [o]ffice to inquire into the cost and timeframe to complete the transcript." App.R. 9(C)(1) Statement at 1. Ms. Boyer Reid's counsel stated that the transcript cost was over $8,000.00, that Ms. Boyer Reid "was disabled and unable to return to work," and that Ms. Boyer Reid could pay half of the transcript cost at the time of the hearing and the remaining half in two weeks. App.R. 9(C)(1) Statement at 1. According to Ms. Boyer Reid's counsel, after the court reporter received payment in full, the office would need 45 days to prepare the transcript. At the time of the hearing, Ms. Boyer Reid had not made any deposit for the transcript. Finally, the GAL "opined that her ward needs the voluminous litigation to end" and that "this is completely the wrong way for the child to start a school year." App.R. 9(C)(1) Statement at 2.

{¶ 8}   On August 29, 2019, the trial court denied Mr. Shaffer's Civ.R. 60(A) motion to correct the allocation of GAL fees.

{¶ 9}   On October 8, 2019, the trial court filed its Decision and Judgment Entry addressing Ms. Boyer Reid's motion for leave to file transcript out of time, Ms. Boyer Reid's objections and Mr. Shaffer's motion to dismiss those objections, and the magistrate's June 19, 2019 decision. The trial court disagreed with Ms. Boyer Reid's argument that the Civ.R. 60(A) motion to correct the GAL fee allocation extended or tolled the time for her to request a transcript to support her objections and also disagreed that Ms. Boyer Reid demonstrated good cause to extend the time to file the transcript by way of excusable neglect of her counsel, who contacted the incorrect court reporter's office. "[T]he request and deposit should have been submitted to the Court Reporter's office on * * * July 8, 2019 (Monday). Yet, Plaintiff's request for leave was at least an entire month later with still no record of a request or deposit, or until after August 7, 2019." October 8, 2019 Decision and Judgment Entry at 7. "Further [under Juv.R. 40(D)(3)(b)(iii)] * * * [t]hirty days to file from Plaintiff's objection date (to file the transcript) would have been August 2, 2019. Not only was the transcript not filed by this date, it was neither requested nor is there any record of a deposit paid." October 8, 2019 Decision and Judgment Entry at 7. "[L]eft with * * * a request for leave to request, pay for, and file a [t]ranscript when the request is already untimely and past the time that the transcript *would have been required to be filed*," the trial court declined to find good cause to support the extension. October 8, 2019 Decision and Judgment Entry at 9. (Emphasis in original.)

{¶ 10}   Citing Juvenile Rule 40(D)(3)(b)(iii) and Local Rule 8 of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, the trial court then found that each of Ms. Boyer Reid's "general" objections to the magistrate's decision as "contrary to the facts" required support from a transcript or affidavit, or would be subject to dismissal. October 8, 2019 Decision and Judgment Entry at 10. The trial court added that further deficiencies plagued Ms. Boyer Reid's objections. For example, Ms. Boyer Reid never requested findings of fact and conclusions of law pursuant to Juv.R. 40(D)(3)(a)(ii) even though the magistrate made "little to no findings" on an objected-to issue. October 8, 2019 Decision and Judgment Entry at 9. "Considering the procedural deficiencies" stated by the trial court, "and the necessity for [the trial court] to review a transcript regarding

[Ms. Boyer Reid's] *Objections,*" the trial court did not find Ms. Boyer Reid's eleven objections "well taken." October 8, 2019 Decision and Judgment Entry at 11. "After an independent review of the entire court file, magistrate's decision, evidence, pleadings, and available record," the trial court denied and dismissed Ms. Boyer Reid's motion for leave to file transcript, overruled her objections, approved and adopted the magistrate's decision, and granted Mr. Shaffer's motion to dismiss. October 8, 2019 Decision and Judgment Entry at 12. On October 14, 2019, the trial court issued an amended decision and judgment entry pursuant to Civ.R. 60(A) to correct the date of the adopted magistrate's decision.

{¶ 11} On November 6, 2019, and having filed a 60(B) motion for relief from judgment five days earlier, Ms. Boyer Reid filed a notice of appeal from the October 8, 2019 trial court judgment. She asserts eight assignments of error:

> [1.] The Trial Court committed reversible error when it denied Plaintiff-Appellant an Extension of Time to File the Transcript * * *[.]
>
> [2.] The Trial Court committed reversible error when it Dismissed and Denied Plaintiff-Appellant's Objections based upon a mischaracterization of the nature of the Objections[.]
>
> [3.] The Trial Court committed reversible error when it Dismissed and Denied Plaintiff-Appellant's Objections without conducting an independent review considering the arguments and objections of Plaintiff-Appellant[.]
>
> [4.] The Trial Court committed reversible error when it Dismissed and Denied Plaintiff-Appellant's Objections and adopted a Magistrate's Decision filed June 19, 2019 that the Court found deficient in findings of fact required by R.C. 3109.04[.]
>
> [5.] The Trial Court committed reversible error when it Dismissed and Denied Plaintiff-Appellant's Objections and adopted a Magistrate's Decision filed June 19, 2019 that the Court found deficient in findings of fact required by R.C. 3109.051[.]
>
> [6.] The Trial Court committed reversible error when it Dismissed and Denied Plaintiff-Appellant's Objections and adopted a Magistrate's Decision filed June 19, 2019 that ruled contrary to Ohio caselaw based upon the facts found by the Court concerning the conduct of the parties[.]

[7.] The Trial Court committed reversible error when it Dismissed and Denied Plaintiff-Appellant's Objections and adopted a Magistrate's Decision filed June 19, 2019 that ruled contrary to Ohio caselaw based upon the lack of evidence found by the Court concerning the financial condition of the parties[.]

[8.] The Trial Court committed reversible error when it Dismissed and Denied Plaintiff-Appellant's Objections and adopted a Magistrate's Decision filed June 19, 2019 that ruled contrary to Ohio caselaw based upon the lack of evidence found by the Court concerning the tax benefit of the parties[.]

Appellant's Brief at ix-x (with assignment designations changed from letters to numbers).

{¶ 12} Ms. Boyer Reid's assignments of error encompass three main issues: (1) whether the trial court erred in denying her an extension of time to file a transcript; (2) whether the trial court erred in handling her objections; and (3) whether the trial court erred in its review and adoption of the magistrate's decision. Ms. Boyer Reid has not demonstrated reversible error in these respects.

{¶ 13} As to the transcript, there is no dispute that Ms. Boyer Reid failed to comply with the timelines set forth in Civ.R. 53(D)(3)(b)(iii), Juv.R. 40(D)(3)(b)(iii), Local Juv.R. 8 and 12, which collectively require a party who objects to a magistrate's factual findings to request a transcript and file a deposit for the transcript within three days after filing objections and then file the transcript within thirty days after filing objections, unless the trial court provides an extension. Ms. Boyer Reid requested an extension in this case, but did so only after the time a transcript was due. She argues that her delay was due to "excusable neglect" under Civ.R. 6(B), and that the trial court therefore abused its discretion in denying her an extension of time to file the transcript.

{¶ 14} " 'Civ.R. 6(B) governs motions for extension of time, including a motion to extend the time to file a transcript.' " *Bahgat v. Kissling*, 10th Dist. No. 17AP-641, 2018-Ohio-2317, ¶ 20, quoting *Bayview Loan Servicing, L.L.C. v. Likely*, 9th Dist. No. 28466, 2017-Ohio-7693, ¶ 18. Civ.R. 6(B) states:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.

Juv.R. 18(B) similarly states a trial court may, in its discretion, permit an extension "after expiration of the specified period if the failure to act on time was the result of excusable neglect or would result in injustice to a party." Ms. Boyer Reid has not argued that "injustice" under Juv.R. 18(B) supports an extension in this case.

{¶ 15} "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances" of the case. *Hillman v. Edwards*, 10th Dist. No. 10AP-58, 2010-Ohio-3524, ¶ 10. This court has described inexcusable neglect under Civ.R. 6(B) in terms of "a complete disregard for the judicial system," *Accu-Check Instrument Serv., Inc. v. Sunbelt Business Advisors of Cent. Ohio,* 10th Dist. No. 09AP-505, 2009-Ohio-6849, ¶ 14, and of conduct that "falls substantially below what is reasonable," *Hillman*, citing *Scarefactory, Inc. v. D&B Imports, Ltd.,* 10th Dist. No. 01AP-607, 2002-Ohio-200, ¶ 29. At the same time, we have emphasized that "excusable neglect does not exist if the party or his attorney could have controlled or guarded against the event that led to the untimely [filing]." *Hillman*. The trial court's determination of excusable neglect should not be disturbed on appeal unless the appealing party demonstrates that the trial court abused its discretion. *Hillman*; *In re Malone*, 10th Dist. No. 03AP-489, 2003-Ohio-7156, ¶ 27-28.

{¶ 16} At the outset, although Ms. Boyer Reid points to "uncertainty" surrounding the magistrate's decision in light of Mr. Shaffer's Civ.R. 60(A) motion, Appellant's Brief at 10, 13, Ms. Boyer Reid provides, and we find, no authority stating that a Civ.R. 60(A) motion to correct a purported clerical error in a magistrate's decision either suspends an objecting party's duty to request, put a deposit on, and file a transcript to support his or her filed objections as a matter of law or otherwise obligates a trial court to excuse an appellant's neglect in filing a timely transcript under Civ.R. 6(B). The general rule—that a trial court's Civ.R. 60(A) entry to correct a clerical, non-substantive error relates back to the date of the prior final judgment, *Daniels-Rodgers v. Rodgers*, 10th Dist. No. 15AP-202, 2015-Ohio-1974, ¶ 12-19—undermines Ms. Boyer Reid's position that the Civ.R. 60(A) motion excuses her inability to file a timely transcript within 30 days of her objections. Furthermore, her argument that the Civ.R. 60(A) motion could have affected a substantive rather than clerical issue is unpersuasive: she did not seek a pre-deadline extension on this basis, and, as noted by Mr. Shaffer, the subject of the Civ.R. 60(A) motion (the GAL fee reallocation)

was something opposed by Ms. Boyer Reid and that required a transcript or affidavit under the applicable rules.

{¶ 17} Ms. Boyer Reid's contention that the trial court abused its discretion in otherwise refusing to find excusable neglect so as to extend the time limit is also without merit. Ms. Boyer Reid contends she was "not inactive" at least in the sense of not having "completely disregarded the judicial system." Appellant's Brief at 12, Reply at 12. Her support of this argument, however, cites to information that she provided in her post-judgment Civ.R. 60(B) motion: information that was not before the trial court when it issued the decision now appealed. Because "[a]ppellate review is limited to the record as it existed at the time the trial court rendered judgment," we are precluded from considering this evidence on appeal. *Fifth Third Mtge. Co. v. Salahuddin*, 10th Dist. No. 13AP-945, 2014-Ohio-3304, ¶ 13, citing *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 15 ("a reviewing court cannot consider evidence that a party added to the trial court record after that court's judgment, and then decide an appeal from the judgment based on the new evidence."). *Blevins v. Blevins*, 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 14.

{¶ 18} The information before the trial court—that contained in her motion and the arguments made at the hearing by her counsel—is not enough to establish the trial court abused its discretion in denying leave to file a transcript in this case. Ms. Boyer Reid did not explain why her motion for an extension was filed after the 30-day deadline to submit the transcript. Her motion did not provide any evidence of her effort to secure the transcript, and she provided only her counsel's unsworn statements—about calling the wrong court reporter's office (with no sufficient follow-up), her client being unable to afford the transcript for another two weeks (there was no assertion of indigency), and the reporter not being able to prepare the transcript for another 45 days after receiving the full deposit. As noted by the trial court, this case involves lengthy litigation in which Ms. Boyer Reid already had been through the process of objecting to a magistrate's decision before and yet still did not appear to diligently pursue filing the transcript in support of her objections to the magistrate's decision.

{¶ 19} Ms. Boyer Reid's citations to cases that granted extensions do not command the same result here. Several of those cases shed no light on whether the trial court abused

its discretion under the facts and circumstances at play here. The remaining cases cited by Ms. Boyer Reid tend to support the trial court's determination. In *Oliver v. Oliver,* 5th Dist. No. 2014-AP-04-0014, 2014-Ohio-5230, ¶ 19-23, the appellate court found that the trial court there did not abuse its discretion in denying the appellant's motion to extend time to file the transcript based on her failure to secure funds to pay for it since the appellant filed her motion 50 days after her timely objections, the trial court did not rule on the objections until over 50 days after appellant filed her objections, and she had ample time to file or request leave to file the transcript before this time but failed to do so. Similarly, in *Bayview Loan Servicing, LLC* at ¶ 13-18, the appellate court found that the trial court did not abuse its discretion in denying the appellants' motion for an extension of time to file the transcript where the appellants filed their motion after the 30-day deadline and failed to adequately articulate excusable neglect, including "specific facts to establish that they had been diligently attempting to secure the transcript[.]" Finally, contrary to Ms. Boyer Reid's position, the trial court's citations in this matter do not support her position but rather emphasize that Ms. Boyer Reid did not ask for an extension until after the 30-day deadline.

{¶ 20} Considering appellant's delay in requesting both the transcript and an extension and then her failure to demonstrate excusable neglect to the trial court in the context of this case, we cannot say the trial court acted unreasonably, arbitrarily, or unconscionably in denying Ms. Boyer Reid an extension to file the transcript. Because Ms. Boyer Reid did not demonstrate the trial court abused its discretion in this regard, her first assignment of error is overruled.

{¶ 21} Lacking a transcript, Ms. Boyer Reid next argues that the trial court based its conclusion that the objections were not "well taken" on the "mischaracterization" of the objections as seeking simply to find the magistrate's decision "contrary to the facts." Appellant's Brief at 14. Each objection in this case does expressly assert the magistrate's decision was decided "contrary to the facts," July 3, 2019 Objections at 1-4. The additional bald (or at least balding) assertions within each objection, such as the magistrate's decision being contrary to case law or a statute, could arguably be premised on those allegedly wrong findings of fact. The objections are general, in violation of Juv.R. 40(D)(3)(b)(ii) and Civ.R. 53(D)(3)(b)(ii), and provide further no guidance in this regard. We cannot say the trial court abused its discretion in assessing the fact-based nature of the objections and

concluding that a transcript was needed to resolve them. *See A.A. v. F.A.*, 5th Dist. No. 17 CAF 12 0078, 2018-Ohio-3376, ¶ 35 (standard for determining impact of lack of transcript on determining an objection to a magistrate's decision is reviewed for an abuse of discretion). We overrule the second assignment of error.

{¶ 22} Ms. Boyer Reid next argues that, regardless of not having a transcript before it, the trial court committed reversible error by dismissing and denying her objections "without conducting an independent review considering the arguments and objections of plaintiff." Appellant's Brief at 16, 18. The first part of this argument asserts that the trial court did not permit the parties to address the substance of the objections. This argument is not supported by the record: the App.R. 9(C)(1) statement states the objections came before the court at the August 13, 2019 hearing, and there is no evidence that the parties were not permitted to address what Ms. Boyer Reid believes to be the substance of the objections. We further note that Ms. Boyer Reid was required by Local Juv.R. (8)(1) to submit a supporting memorandum with the objections. She did not do so.

{¶ 23} Ms. Boyer Reid next argues the trial court "created a requirement that [she] request [f]indings of [f]act and [c]onclusions of [l]aw before being able to object to the facts contained in the [m]agistrate's [d]ecision," which she asserts is contrary to Civ.R. 53(D)(3)(a)(iii) that "clearly contemplate[s] that parties may object to factual findings 'whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii).' " Appellant's Brief at 16. The trial court did not curtail her ability to object under Civ.R. 53(D)(3)(a)(iii) but instead commented on her failure to request findings of fact and conclusions of law for the magistrate's general decision pursuant to Juv.R. 40(D)(3)(a)(ii).

{¶ 24} She additionally alludes to the trial court adopting the magistrate's "presumptive and prejudicial conclusions totally unsupported by the law," contrary to its duty to independently review the magistrate's legal conclusions as set forth in Juv.R. 40(D)(4)(d) and *JP Morgan Chase Bank, N.A. v. Liggins,* 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 14, fn. 1. Appellant's Brief at 17. We note this assignment of error challenges the trial court's dismissal and denial of her objections, not the ultimate adoption of the magistrate's legal conclusions (which we address below in reviewing Ms. Boyer Reid's sixth, seventh, and eighth assignments of error). Here, Ms. Boyer Reid simply takes issue with the magistrate's observation that matters described did not reflect a change in

circumstances, but even if they had would not show modification of custody to be in the child's best interests. Appellant's Brief at 18, citing June 19, 2019 Magistrate's Decision at 8. We think that she probably misreads what the magistrate was saying. In any event, her unreasoned argument does not demonstrate reversable error and we decline to try to expand this argument on her behalf. *Miller v. Johnson & Angelo,* 10th Dist. No. 01AP-1210, 2002-Ohio-3681, ¶ 2 ("The burden of affirmatively demonstrating error on appeal rests with the [appellant]"); *see also* App.R. 9 and 16(A)(7). *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966, ¶ 40, quoting *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16 (" 'It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.' ").

{¶ 25} Moreover, we have already found the substance of the objections were tied to factual findings in need of a transcript to review: appellate courts, including this one, have found that a trial court acts within its discretion in overruling or dismissing the objections. *Pallone v. Pallone*, 10th Dist. No. 15AP-779, 2016-Ohio-7066, ¶ 16 (stating a trial court is justified in overruling an objection that is unsupported by a transcript); *White v. Davia,* 7th Dist. No. 11HA4, 2012-Ohio-2820, ¶ 14 (finding trial court did not abuse its discretion in overruling objections based on the failure to file a transcript of the magistrate's hearing where the transcript was necessary to review the factual basis of the magistrate's decision). *See also Aicher v. Aicher*, 10th Dist. No. 08AP-859, 2009-Ohio-1268, ¶ 14 ("When the actions or inactions of counsel have made it impossible for a trial court judge to address the merits of objections to a magistrate's decision, we cannot say that a judge abuses her discretion by dismissing the objections for failure to prosecute"); *Huffer v. Huffer*, 10th Dist. No. 12AP-883, 2013-Ohio-1575, ¶ 10 (finding the trial court's decision to dismiss appellant's objections to be reasonable where the appellant did not file a transcript necessary to review the objection and did not argue plain error); Local Juv.R. 8(1) ("[f]ailure to file a transcript when one is required by [Local Rule 8(1)] is a basis for dismissal of the Objections."). We overrule the third assignment of error.

{¶ 26} Ms. Boyer Reid's fourth and fifth assignments assert reversible error premised on the trial court not being able to properly review the objections and magistrate's decision after having found the magistrate's decision to be "deficient in findings of fact."

Appellant's Brief at ix. Contrary to Ms. Boyer Reid's interpretation, we do not understand the trial court to have found that the magistrate's decision necessarily was "deficient" in findings, Appellant's Brief at ix-x, but instead to have noted, perhaps somewhat awkwardly, that if Ms. Boyer Reid wanted findings or further findings on parenting time, for example, under R.C. 3109.051 (the trial court did not mention R.C. 3109.04), she could have requested them. *See* October 8, 2019 Decision and Judgment Entry at 9-10. Having reviewed the magistrate's decision in the context of the trial court's further opinion, we do not find it insufficiently detailed or unintelligible. *See* Juv.R. 40(D)(3)(iii)("Subject to the terms of the relevant reference, a magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law"); Civ.R. 53(D)(3)(b)(ii)(stating the same).

{¶ 27} No party requested further findings of fact or conclusions of law in this case, and the authorities cited by Ms. Boyer Reid, R.C. 3109.051(A), R.C. 3109.04(C), and Civ.R. 52, do not support her position. R.C. 3109.051(A) requires a trial court to journalize findings of fact and conclusions of law when it determines that "it would not be in the best interest of the child to permit [the nonresidential] parent to have parenting time with the child," which did not occur here. *See* June 19, 2019 Magistrate's Decision at 8, 30-31 (permitting shared parenting time under certain conditions). While the magistrate was required to "consider the factors set forth in R.C. 3109.051(D) and then determine [parenting time] that is in the best interest of the child" to modify the parenting time, *Braatz v. Braatz*, 85 Ohio St.3d 40, 45 (1999), in this context the magistrate was not required to issue written finding of fact or conclusions of law absent a request to do so. *See Id.,* citing R.C. 3109.051(F)(1); *In re J.L.C.*, 7th Dist. No. 18 JE 0026, 2019-Ohio-2721, ¶ 33-34, citing *Braatz* ("the *Braatz* decision does not require the trial court to issue findings of fact and conclusions of law absent such request") and Civ.R. 52 ("Pursuant to Civ.R. 52, when questions of fact are tried by the court without a jury, a judgment may be a general one for the prevailing party unless one of the parties files a request for findings of fact and conclusions of law.").

{¶ 28} Ms. Boyer Reid then cites *State ex rel. Thompson v. Spon,* 83 Ohio St.3d 551 (1998), to argue that "R.C. 3109.04(C) requires findings of fact and conclusions of law in final decrees allocating parental rights and responsibilities or subsequent modification of

final decrees." Appellant's Brief at 19. But, as *Spon* makes clear, the requirement for findings of fact and conclusions of law in R.C. 3109.04(C) applies only where the trial court decides to designate a parent as the residential parent or issue a shared parenting decree despite that parent's conviction of certain criminal offenses or a finding in an adjudication that the parent perpetrated abusive acts. R.C. 3109.04(C) is not implicated in this case. Ms. Boyer Reid additionally cites *Nolan v. Nolan,* 4th Dist. No. 11CA3444, 2012-Ohio-3736, ¶ 42, to argue that "[f]ailure to follow the mandates of R.C. 3109.04[] is reversible error, even where the trial court has made a thoughtful and conscientious decision." However, the remainder of that paragraph runs counter to her to position. *Nolan* continues:

> here, we cannot presume the regularity of the proceedings below because [the appellant] requested findings of fact and conclusions of law. *Compare Mann v. Mann*, 4th Dist. No. 09CA38, 2011-Ohio-1646, ¶ 11 ("When a party fails to request findings of fact and conclusions of law, we must presume the regularity of the trial court proceedings.").

*Nolan* at ¶ 42. Ms. Boyer Reid's fourth and fifth assignments of error are overruled.

{¶ 29} The remainder of Ms. Boyer Reid's objections assert error in the trial court's adoption of the magistrate's legal conclusions in three specific respects. She asserts the trial court ruled contrary to Ohio caselaw based upon: "the facts found by the [c]ourt concerning the conduct of the parties"; "the lack of evidence found by the Court concerning the financial condition of the parties"; and "the lack of evidence found by the Court concerning the tax benefit of the parties[.]" Appellant's Brief at 22-31. "Without a transcript of the hearing a trial court is required to accept all the magistrate's findings of fact as true and only review the legal conclusions drawn from those facts." *Bahgat* at ¶ 20-21, citing *JPMorgan Chase Bank, N.A.* at ¶ 14, fn. 1; *Bayview Loan Servicing* at ¶ 12. "Generally, the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. No. 08CA0055, 2009-Ohio-3788, ¶ 5.

{¶ 30} In this case, the trial court adopted the magistrate's decision in its entirety "[a]fter an independent review of the entire court file, Magistrate's Decision, evidence, pleading, and available record[.]" October 8, 2019 Decision and Judgment Entry at 12. Ms. Boyer Reid's challenges to the magistrate's legal conclusions here do not demonstrate the trial court abused its discretion in doing so.

{¶ 31} Ms. Boyer Reid's reference to the conduct of the parties in her sixth assignment of error takes issue with many of the magistrate's findings and holdings in a variety of contempt motions. She asserts she provided (within her six motions) clear and convincing evidence of Mr. Shaffer's contempt, but "the [c]ourt simply determined that because the [c]ourt found [Ms. Boyer Reid's] behavior unpleasant, that [Mr. Shaffer] was excused from complying with the Court Orders." Appellant's Brief at 25-26. Our review of the June 19, 2019 Magistrate's Decision at 9-20, which considers the parties' agreements and Ms. Boyer Reid's unclean hands, does not support this contention. Ms. Boyer Reid also contends the trial court judgment must be reversed "[b]ecause the [c]ourt's conditions [for purging] are not reasonable under Ohio caselaw[.]" Appellant's Brief at 27. This argument does not support the assignment of error, which asks us to review whether the trial court ruled contrary to Ohio caselaw based upon "the facts found by the [c]ourt concerning the conduct of the parties." *Compare* Appellant's Brief at 22 *with Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b) (stating that "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs").  In any event, we are not persuaded by the *ipse dixit.*

{¶ 32} Ms. Boyer Reid next asserts the trial court committed reversible error in adopting the magistrate's decision since the magistrate ruled contrary to Ohio caselaw based upon "the lack of evidence found by the Court concerning the financial condition of the parties." Appellant's Brief at 27. Ms. Boyer Reid specifically contends the magistrate modified Ms. Boyer Reid's child support obligation after the magistrate "did not find any error with the calculation of the Franklin County Child Support Enforcement Agency's calculation," Appellant's Brief at 28, but this contention is against the implication of the record: the magistrate stated that "[p]ursuant to R.C. 3119.03, the resulting support amount is presumed to be correct, but subject to rebuttal." June 19, 2019 Magistrate's Decision at 21. Ms. Boyer Reid does not contend this statement of the law is wrong. Ms. Boyer Reid also contends the magistrate "did not cite to any evidence that supported the number of hours she imputed [Ms. Boyer Reid] to working, that a nursing job existed with both the hourly rate and number of hours that the Magistrate imputed, or why it was appropriate to use a three (3) year old income for [Mr. Shaffer] but not [Ms. Boyer Reid]." Appellant's Brief at 29. The magistrate did cite evidence to support her finding on Ms. Boyer

Reid's income: the parties stipulation prior to trial, Ms. Boyer Reid's current underemployment (a finding of fact unreviewable at this juncture) based on Ms. Boyer Reid's exhibit showing she works 24 hours a week, her 2017 tax return, paystubs, and testimony of the parties. While Ms. Boyer Reid disagrees with the stated income, she has not provided the asserted "case law" that would undermine the magistrate's decision. Appellant's Brief at 27.

{¶ 33} Finally, Ms. Boyer Reid contends the trial court ruled contrary to Ohio caselaw based upon "the lack of evidence found by the Court concerning the tax benefit of the parties," but again cites no case law that demonstrates a legal error to support reversal. Appellant's Brief at 29. Appellant misstates the holding in *Singer v. Dickerson*, 63 Ohio St.3d 408, 415 (1992): it does not hold that tax exemption "*should*" be awarded to a non-custodial parent under the best interest of the child when there is a net tax savings to the parent, but rather holds that "allocation of the dependency exemption provided by Section 152(e), Title 26, U.S. Code *may* be awarded to the noncustodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child." Appellant's Brief at 29; *Singer* at 415. Regardless, *Singer* is immaterial because "no party presented evidence of net tax savings, that either party was eligible for the earned income tax credit, or, if eligible, what financial benefit would be had." June 19, 2019 Magistrate's Decision at 24. This statement by the magistrate did not, as Ms. Boyer Reid suggests, amount to a finding that "there was insufficient evidence to determine pursuant to R.C. 3119.82 the best interest of the minor child in allocating the tax exemption." Appellant's Brief at 30. Rather, it addressed the specific, statutorily-required considerations that must inform the determination of which parent may claim a minor child for tax purposes. R.C. 3119.82 ("In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."). We find no error in the trial court's adoption of the magistrate's decision in this regard.

{¶ 34} Finding no merit to Ms. Boyer Reid's asserted legal errors, we conclude that the trial court did not err in adopting the magistrate's decision. We accordingly overrule Ms. Boyer Reid's sixth, seventh, and eighth assignments of error.

{¶ 35} Having overruled all eight assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adopting the magistrate's decision.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

———————————