[Cite as *Sturkie v. Auxier*, 2025-Ohio-2399.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| ALEX STURKIE, | CASE NO. 2024-L-091 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Juvenile Division |
| AMANDA AUXIER, | |
| Defendant-Appellee. | Trial Court No. 2018 CV 00680 |

## OPINION AND JUDGMENT ENTRY

Decided: July 7, 2025
Judgment: Vacated and remanded

*David N. Patterson*, P.O. Box 1423, Willoughby, OH 44096 (For Plaintiff-Appellant).

*Philip E. Cordova*, Andrews & Pontius, LLC, 4817 State Road, Ashtabula, OH 44004 (For Defendant-Appellee).

*Cory R. Hinton*, 7351 Center Street, Suite 1, Mentor, OH 44060 (Guardian ad Litem).

MATT LYNCH, J.

{¶1} This case involves a custody and parenting-time dispute between appellant, Alex Sturkie ("Father"), and appellee, Amanda Auxier ("Mother"). Father is the custodial parent of the parties' minor children, and Mother has visitation on a regular schedule. Father appeals the Lake County Court of Common Pleas Juvenile Division's decision that rescinded its previous entry ordering Mother's visitation to be supervised. Mother has not filed an answer brief on appeal. For the following reasons, we vacate the juvenile court's judgment and remand the matter for further proceedings.

{¶2}    The juvenile court issued an "Agreed Judgment Entry" on May 31, 2024. The court ordered that Mother shall have two supervised visits with the children, after which the guardian ad litem was ordered to discuss any issues with the parties, the supervisor, and the children's counselor. Barring any potential further order of the court resulting from those discussions, the court ordered that Mother shall thereafter exercise unsupervised parenting time with the children.

{¶3}    The juvenile court set a review hearing for November 19, 2024, and the hearing was entered on the court's docket. (T.d. 261) Included in the physical record is a copy of the hearing notice, indicating that it was sent to the parties, the guardian ad litem, and counsel on June 5, 2024. Father's counsel passed away a few days later, on or around June 10, 2024.

{¶4}    Father retained new counsel, Attorney Patterson, who filed a notice of appearance on July 15, 2024. Included in the physical record is a copy of a notice of the November 19, 2024 review hearing purportedly sent to Attorney Patterson on July 22, 2024. However, this hearing notice was not entered on the court's docket.

{¶5}    On October 2, 2024, Attorney Patterson filed a motion for all visits with Mother to be supervised. The juvenile court granted the motion on October 21, 2024, "[a]s no objections have been filed and for good cause shown," and ordered that Mother's parenting time shall be supervised, effective immediately, pending further order of the court. Mother did not appeal this decision.

{¶6}    The previously scheduled review hearing was held on November 19, 2024; it was not transcribed. Neither Father nor Mother were present at the hearing. Mother's

counsel was present, as was the children's guardian ad litem, but Attorney Patterson did not appear on behalf of Father.

{¶7} Following the hearing, the juvenile court rescinded its October 21, 2024 entry that had ordered Mother's visits to be supervised. The court found that Father and Attorney Patterson were not present for the hearing, "although duly notified pursuant to law," and ordered as follows:

> Effective immediately, the Judgment Entry filed October 21, 2024 is hereby rescinded and [Mother] shall exercise parenting time with the minor children . . . pursuant to the Agreed Judgment Entry filed May 31, 2024.
>
> This matter shall proceed to the previously scheduled Trial on December 11, 2024 at 2:30 p.m. on [Mother's] Motion to Impose filed July 19, 2024.
>
> All prior Court Orders, not modified herein, remain in full force and effect.

{¶8} Father filed a motion for reconsideration or to vacate the order. As grounds for the motion, Attorney Patterson represented that he had no notice of the hearing, notice had been sent to Father's former attorney, he did not believe that the hearing was proceeding on the day it was scheduled, and when he called the court that morning and was informed that the hearing was still set, it was too late for him to attend. The juvenile court summarily denied the motion for reconsideration on December 9, 2024.

{¶9} This appeal followed. Father asserts two assignments of error for this court's review:

> [1.] The trial court erred and committed an abuse of discretion by finding that all parties were duly served in a non-mandatory review hearing.
>
> [2.] The trial court erred and committed an abuse of discretion by ordering unsupervised visits with no motion, and no advance notice,

Case No. 2024-L-091

or making a finding that the order was in the best interests of the children.

{¶10} In his first assignment of error, Father argues that the juvenile court erred "in finding that a party, or counsel for party was served when there was constructive, but not actual notice of a hearing." Father contends that the court should have sent actual notice to his new attorney of a hearing that was scheduled six months prior to the hearing date, after his former attorney had passed away.

{¶11} Neither Ohio case law nor the juvenile court's local rules support Father's contention that the court was required to serve Attorney Patterson with actual notice of the hearing after his former counsel had passed away. "On the contrary, Ohio courts have traditionally held that while some form of notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact." *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hop. Assn.*, 28 Ohio St.3d 118, 124 (1986); *accord Beavers v. Lors*, 2023-Ohio-3940, ¶ 21 (11th Dist.). Thus, in the absence of a rule of court to the contrary, attorneys who appear in an action are expected to keep themselves informed of the progress of the case and are not normally entitled to notice of a hearing other than the setting of the case on the docket. *Ries Flooring Co. v. Dileno Constr. Co.*, 53 Ohio App.2d 255, 259 (8th Dist. 1977); *Metcalf v. Ohio State Univ. Hosp.*, 2 Ohio App.3d 166, 168 (10th Dist. 1981). Regarding "notice," the juvenile court's Local Rule I.C.2 provides, "The Court will routinely advise the parties of the trial and other hearing dates, but it shall be the responsibility of the parties and their attorneys to keep themselves apprised of all Court dates."

{¶12} Accordingly, even though the hearing notice purportedly sent on July 22, 2024, to Attorney Patterson was not entered on the court's docket, the hearing date *was*

entered on the court's docket on June 5, 2024, and, therefore, constituted reasonable, constructive notice to Attorney Patterson of the November 19, 2024 hearing sufficient to satisfy due process. For these reasons, we cannot conclude that the juvenile court erred by finding that Father and Attorney Patterson had been "duly notified [of the hearing] pursuant to law."

{¶13} Father's first assignment of error is without merit.

{¶14} In his second assignment of error, Father argues that the juvenile court erred "in issuing an order without findings, or any rationale for changing the status quo, specifically when there is no finding that the order is in the best interests of the children."

{¶15} In support of his contention that the juvenile court was required to include findings of fact and to conclude that the decision is in the best interest of the children, Father cites R.C. 2151.417 and R.C. 2151.42. These statutes govern dispositional orders in cases where children are removed from the home by an agency and are inapplicable to the matter at hand.

{¶16} Rather, modification of Mother's visitation rights involves a best-interest-of-the-children analysis under R.C. 3109.051(A). *Braatz v. Braatz*, 85 Ohio St.3d 40 (1999), paragraph one of the syllabus. The requirement for findings of fact and conclusions of law in R.C. 3109.051(A) applies only when the court determines that "it would not be in the best interest of the child to permit [the nonresidential] parent to have parenting time with the child," which did not occur here. Thus, the juvenile court was not required to issue written findings of fact or conclusions of law absent a request to do so, *see* Civ.R. 52, and Father did not make such a request. *See Reid v. Shaffer*, 2020-Ohio-5448, ¶ 27 (10th Dist.), citing *In re J.L.C.*, 2019-Ohio-2721, ¶ 33 (7th Dist.), citing *Braatz* at 45.

Case No. 2024-L-091

{¶17} "However, even in instances where a party made no such request, the trial court's judgment must be supported 'by some competent, credible evidence.'" *In re J.L.C.* at ¶ 34, quoting *Smith v. Smith*, 2010-Ohio-3051, ¶ 10 (11th Dist.). "The judgment of the trial court must sufficiently indicate whether the trial court properly conducted a best interest analysis in order for this Court to review the matter on appeal." *Id.*, citing *In re J.K.*, 2014-Ohio-5502, ¶ 37 (7th Dist.).

{¶18} We agree with Father's position that, in this instance, the juvenile court's judgment does not meet this standard. In its entry, the juvenile court does not mention R.C. 3109.051, does not indicate that it considered the best-interest factors it was required to consider, does not refer to any evidence it considered in deciding to rescind its prior order requiring supervised visitation, and does not conclude that its decision was in the children's best interest. In short, the juvenile court's entry entirely circumscribes our review of the matter.

{¶19} For this reason, Father's second assignment of error has merit.

{¶20} Accordingly, we vacate the judgment of the Lake County Court of Common Pleas Juvenile Division and remand the matter for the juvenile court to issue an order consistent with the law and this opinion.

ROBERT J. PATTON, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2024-L-091

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas Juvenile Division is vacated, and this matter is remanded for the juvenile court to issue an order consistent with the law and this opinion.

Costs to be taxed against appellee.

_____
JUDGE MATT LYNCH

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
|---|
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2024-L-091